**NU-MATIC NAILER INTERNATIONAL CORP., Appellant,**

v.

**Clyde WEEMS, Appellee.**

**No. 18687.**

United States Court of Appeals
Ninth Circuit.

June 26, 1964.

Rehearing Denied Sept. 3, 1964.

Noel G. Conway, Santa Ana, Cal., for appellant.

William J. Elliott, Elliott & Pastoriza, Santa Monica, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and JAMESON, District Judge.

CHAMBERS, Circuit Judge.

This patent case involves three somewhat similar nailing machines. They are devices for rapidly driving nails. With them, a species of automation comes to the carpenter, particularly one who is laying wooden sub-floor.

Nu-Matic has a patented device. Weems developed a competing unpatented device. Nu-Matic sued Weems for patent infringement. The district court found the accused device did infringe the patent and judgment was entered accordingly. It became final.

His first accused device being under attack, Weems set out to make another

one. No doubt he thinks he "invented around" the patented device. As soon as Weems' second device appeared on the market in the building supply business, Nu-Matic procured a citation of Weems for contempt of the injunctions of the judgment. A hearing was held. The district court declined to adjudge Weems guilty of contempt, but allowed Nu-Matic to file a supplemental complaint directed at accused device No. 2. This supplemental complaint of Nu-Matic came into the old action on top of the judgment already entered.

In our view, what happened here was that Nu-Matic got the right to file two actions under the same number for the price of one. We would think that in the method used in handling the matter, the trial court did not intend to, and did not, adjudicate in the contempt hearing whether or not accused device No. 2 infringed Nu-Matic's patent. The judge said, "I am not inclined to use the power of contempt to determine whether a machine corresponds to the machine which was before the court."

The second complaint went to a second judge of the same district court. After a trial, accused device No. 2, produced by Weems, was found not to infringe Nu-Matic's patent.

The essence of the supplemental complaint is that accused device No. 2 is so similar to accused device No. 1 that the first judgment covers it.

The findings of fact herein do recite what may be said to differentiate the accused device No. 2 from the patent in issue. But they do not tell us the difference between accused device No. 1 and accused device No. 2. This we think the trial court should succinctly tell us before we start to review the case.

The trial court should vacate its findings and judgment and enter new ones.

On a new appeal, appropriate stipulations may be made to use the record in this case, No. 18,687, in so far as deemed advisable.

Remanded.